ANNE I. YEN, Bar No. 187291
BENJAMIN J. FUCHS, Bar No. 320793
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
         ayen@unioncounsel.net
         bfuchs@unioncounsel.net

Attorneys for Plaintiff Melissa Hall

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELISSA HALL,

                        Plaintiff,

        v.

CULTURAL CARE, INC., and DOES 1-10,

                        Defendants.

Case No. 3:21-cv-00926-WHO

***SECOND AMENDED COMPLAINT***

1.  Failure to Pay for Each Hour
    Worked (Labor Code §§ 218, 510,
    1182.12, 1194, 1194.2, 1197,
    1197.1; Wage Order 4, §§ 3, 4, 9(B),
    20)
2.  Failure to Provide Paid Rest Breaks
    (Wage Order 4, § 12, Labor Code §§
    226.7, 1197)
3.  Failure to Provide Full Rest Break
    Pay Under Labor Code § 226.2(a)(3)
4.  Failure To Provide Accurate
    Itemized Wage Statements (Labor
    Code §§ 226-226.3)
5.  Failure to Reimburse for Expenses
    Incurred by Employee in Direct
    Consequence of the Discharge of
    Duties (Labor Code § 2802)
6.  Violations of the Unfair Competition
    Law (Bus. & Prof. Code §§ 17200 *et
    seq.*)
7.  Violation of Labor Code § 432.6;
    Gov't Code § 12953
8.  Wrongful Termination in Violation
    of Public Policy (Predicated on
    Violations of Labor Code § 432.6;
    Gov't Code § 12953)
9.  *Labor Code § 203*

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1

SECONDAMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

## I.   <u>NATURE OF ACTION</u>

1.     For decades, defendant Cultural Care, Inc. ("Defendant") has provided au pair services to American families using a workforce that it largely treats as independent contractors.

2.     In addition to the au pairs themselves, this workforce includes "Local Childcare Coordinators" ("LCCs"). LCCs serve as de-facto recruiters, placement coordinators, and day-to-day supervisors of Defendant's au pairs before, during, and after the au pairs' assignment to Defendant's host families.

3.     Plaintiff Melissa Hall ("Hall") was employed as an LCC for Defendant from approximately August 2017 until Defendant terminated her employment in early February 2020 following her refusal to enter into an agreement distributed by Defendant that included a forced arbitration clause that would have waived the right of Hall to pursue recourse in civil court, among other rights forfeited.

4.     From the date of her hiring until her firing in February 2020, Hall received compensation exclusively in the form of various preset flat fees, which she received in exchange for her completion of specified set tasks she performed for Defendant.

5.     Under this system, Hall received predetermined flat fees for various defined services rendered and tasks accomplished. Defendant's clearly defined compensation system, as articulated, e.g., in Defendant's "LCC Monthly Compensation" guide, establishes several different flat-fee payments associated with the completion of various discrete tasks that remained in place for the entirety of Hall's employment with Defendant.

6.     While Defendant has variously labeled these payment types as "fees" or "bonuses," all such payments types share three critical and fundamental characteristics: (1) they are triggered by the completion of a certain defined action; (2) they are calculated by multiplying the number of such actions by the predetermined set rate for the action in question; and (3) they bear no relation to the time the LCC actually spends completing the action in question.

7.     For example, upon Hall's hiring as an LCC in August 2017, Defendant required Hall to complete an intensive multi-week remote training program followed by a one-day in-person training session. In exchange for her completion of the multi-week remote training

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

2

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

1   program, Hall received a $100 flat fee. In exchange for her completion of the one-day in-person

2   training session, Hall received another $100 flat fee. Defendant's payment of these two fees bore

3   no relation to the number of hours Hall spent performing work during this training period. Hall

4   received no other compensation for the work she performed during this training period.

5          8.      Additionally, Defendant paid Hall a monthly flat "servicing fee" ranging from $25

6   (for Hall's first year of work as an LCC for Defendant) to $27 (for Hall's third and final year of

7   service) for each au pair to which Hall was assigned for each month she supervised said au pair

8   from the time assigning Hall au pairs after she completed her training in or around September

9   2017. From August 2017 to August 2018, for example, Hall received $25 for each au pair under

10  her supervision who was assigned to a host family for that service month. Accordingly, during

11  that period, Hall would receive $25 for her supervision and management of the relevant au pair

12  and coordination with the host family to which the au pair was assigned regardless of whether the

13  particular au pair/host family assignment required 1 hour or 20 hours to sufficiently supervise and

14  manage that month.

15         9.      At all relevant times, Defendant also compensated Hall via flat fees in the form of

16  sales and marketing "bonuses." As detailed, e.g., in Defendant's Sales and Marketing Bonus

17  Guidelines, Defendant offered to compensate Hall for work performed in furtherance of

18  Defendant's desire to recruit, enroll and retain new host families, LCCs and au pairs.

19         10.     On information and belief, Defendant maintained five such sales and marketing

20  "bonuses" for LCCs during the relevant time period:

21              a.   *Sales Bonus:* LCCs receive $135 and one "sales point" if they (1) call

22                   prospective new host-family customers (with leads generated by Defendant)

23                   within 24 hours of receiving the lead (also known as the "lead submission");

24                   (2) follow on their initial "welcome call" with another telephone call and an

25                   email to the prospective host family within 72 hours of receiving the lead

26                   submission; (3) conduct additional outreach to the prospective host family via

27                   telephone and email within seven days of the lead submission; (4) conduct

28                   additional telephone and email outreach to the prospective host family within

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

3

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

14 days of the lead submission; (5) conduct further outreach via telephone and email to the prospective host family every three months thereafter; (6) ensure Defendant "actualize" the placement via the host family's enrolling in Defendant's au pair services program, paying a program fee to Defendant, and physically welcoming the newly assigned au pair into their residence; (7) enter detailed documentation of their sales-bonus recruiting and coordination work in Defendant's Salesforce account management database; (8) enter information into said Salesforce database reflecting that they had made contact with the relevant prospective host family prior to the family's registration with Defendant, and that some of said contact had occurred within 90 days of the family's registration date; *and* (9) remain employed by Defendant and the LCC assigned to the particular lead at the time Defendant "actualize" the placement via the host family's enrolling in Defendant's au pair services program, paying a program fee to Defendant, and physically welcoming the newly assigned au pair into their residence.

b. <u>*Repeat Bonus*</u>: LCCs receive a $150 "repeat bonus" when (1) a host family that has already been paired with an au pair under an LCC's supervision for more than 30 "program weeks"[1] applies to take on a new au pair and pays a full program fee; (2) the LCC enters detailed documentation of their repeat-bonus work in Defendant's Salesforce account management database; (3) the LCC enters information into said Salesforce database reflecting that they had made contact with the relevant host family prior to the family's registration with Defendant, and that some of said contact had occurred within 90 days of the family's registration date; *and* (4) the LCC remains active and assigned to service the host family in question at the time Defendant "actualize" the new

---

[1] For "repeat bonus" purposes, Defendant considers host families that are enrolling for an additional au pair placement but have not already been enrolled in the au pair program for more than 30 program weeks to be "transition families" rather than "repeat families."

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

placement when the host family re-enrolls in Defendant's au pair services program, pays the program fee to Defendant, and physically welcomes the newly assigned au pair into their residence.

c. *Actual Bonus*: LCCs receive a $75 "actual bonus" when (1) a new host family "actualizes" by enrolling in Defendant's au pair services program, paying a program fee to Defendant, and physically welcoming the newly assigned au pair into their residence; (2) the host family completes Defendant's required two-week new host family orientation; (3) the LCC enters detailed documentation of their marketing-bonus recruiting and coordination work in Defendant's Salesforce account management database; (4) the LCC enters information into said Salesforce database reflecting that they had made contact with the relevant prospective host family prior to the family's registration with Defendant, and that some of said contact had occurred within 90 days of the family's registration date; *and* (5) the LCC remains employed by Defendant and assigned to the particular lead at the time the host family "actualizes" by physically welcoming the assigned au pair into their residence and pays Defendant a program fee for the services of the newly assigned au pair. LCCs also receive a $75 "actual bonus" for every year a host family reenlists for Defendant's au pair services program, with the host family's anniversary of enrollment triggering payment of such a repeat "actual bonus."

d. *Referral Bonus*: LCCs receive a $200 bonus for every new LCC they refer to become employed by Defendant once (1) the new LCC enters into a contract with Defendant; (2) the new LCC completes Defendant's LCC training program; (3) Defendant begin assigning host families who have "actualized" in Defendant's au pair services program by enrolling in Defendant's au pair services program, paying a program fee to Defendant, and physically

5

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

welcoming the newly assigned au pair into their residence; (4) and the referring LCC remains employed by Defendant at the time requirements (1) through (3) are satisfied.

11.     For all of the above-specified payment types, Hall and other LCCs received—and, in the case of LCCs who remain employed by Defendant, continue to receive—no compensation whatsoever for the time spent performing such work for Defendant unless all relevant requirements of the respective payment type were met.[2]

12.     During Hall's onboarding and training, Defendant repeatedly and aggressively encouraged Hall to perform the marketing and recruitment work for which Defendant had established the above-detailed sales and marketing bonus structure. Defendant represented to Hall during this period and further into Hall's employment with Defendant that it was vital to LCCs' career prospects with Defendant to regularly perform such work, even though Defendant offered no guaranteed compensation in exchange for Hall's performance of these marketing and recruitment services.

13.     Hall thereafter complied with Defendant's recommendations and performed hundreds of hours of work in furtherance of Defendant's marketing and recruitment goals. However, in many instances in which her efforts failed to yield a new client or LCC recruit for Defendant—or when they did, but Defendant refused to pay Hall the specified "bonus" compensation on grounds that one of the technicalities specified under Defendant's sales and marketing bonus guidelines had gone unmet (e.g., if Hall spent weeks or months recruiting a new host family, matching them with an au pair, and arranging travel for the au pair, but the host family was reassigned to another LCC before the au pair physically entered the family's residence)— she received no compensation whatsoever for the time she spent working on the work performed for Defendant.

---

[2] With the exception of (1) the month of April 2018, (2) two workweeks in August 2018, and (3) one workweek in April 2019, during which Hall did not perform substantial work for Defendant due to her use of medical leave, Hall worked continuously for Defendant as described herein from her date of hiring to her date of firing.

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

14. This was not the only avenue through which Hall performed work for which she was not compensated at all: Defendant also did not pay Hall for the time when she was performing duties that did not fit within any of the defined tasks that were potentially compensable via any of the flat fees established under Defendant's compensation scheme.

15. Hall was required to ideate, design and execute approximately 12 special events per year for the au pairs under her supervision and management. While Hall did receive partial reimbursement for expenses incurred during the planning and execution of some of these mandatory events, Defendant did not compensate Hall for the considerable amount of time required to plan and deliver these events for her dozens of au pairs and host family members.

16. Hall was required on multiple occasions to house au pairs in her private residence during interim periods when they were either waiting to move in with a host family or to depart the United States for their home country following the end of a placement with a host family. In such situations, while Hall again received nominal reimbursement for some of the expenses she and her family incurred while hosting the au pairs, Defendant did not pay Hall for the typically substantial amount of time she was required to spend transporting and counseling the au pair during the stay, among other related work-related time expenditures.

17. In sum, at all times material to the instant matter beginning in or around August 2017 through Defendant's termination of Hall's employment in or around February 2020, because Hall's compensation was based solely on her completion of defined tasks, without regard for the time the completion of each task required, Hall was not compensated for the actual hours she spent working on the assigned tasks.

18. As a result, Defendant has failed to pay Hall wages for all hours worked, including, but not limited to, time spent completing mandatory remote training; time spent traveling to and from and completing mandatory in-person training; time spent traveling to and from and completing frequent in-person meetings with managed au pairs and host families; time spent traveling to and from and attending mandatory annual national Cultural Care LCC conferences; time spent planning, coordinating, traveling to and from, and executing dozens of required monthly special events for au pairs and, in some cases, host families; time spent entering

7

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

supervision case updates and related information into multiple computerized databases maintained by Defendant; time spent communicating about au pair casework with Cultural Care workers in different classifications who were properly classified as employees; and time spent coordinating and supervising homestays in Hall's own home for au pairs who were waiting to begin a new host family placement or to depart the United States following the end of a host family placement.

19.     When Defendant did compensate Hall for her work performed, Defendant used a piece-rate system to determine the wage rates it paid to Hall. In so doing, Defendant failed, and continues to fail, to compensate Hall for all hours worked at the required rates under state law as well as for rest periods due under state law.

20.     The wages, hours and working conditions of employees such as Hall are regulated by Industrial Welfare Commission Wage Order 4-2001, Cal. Code Regs. tit. 8, § 11040 ("Wage Order 4") and various provisions of the California Labor Code ("Labor Code").

21.     Labor Code § 1197 and Wage Order 4, § 4 require employers to pay workers at least minimum wage for each individual hour worked or portion thereof.  See also, *Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314; *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36.

22.     Wage Order 4, § 9(B) requires employers to pay employees who provide and maintain their own tools at least two (2) times the state minimum wage for each and every hour worked.

23.     Labor Code §§ 510 and 1194 require that an employee be compensated at the rate of no less than one and one-half times the regular rate of pay for that employee for all hours worked in excess of 8 hours in one day and/or 40 hours in one workweek.

24.     During the time period relevant to the instant action, Hall regularly provided and maintained her own tools, which she necessarily used as a direct consequence of discharging her duties as an LCC for Defendant.

25.     However, Defendant has serially failed to compensate Hall at a rate equal to or greater than the applicable minimum wage throughout the relevant time period.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

26.     Hall also performed more than 8 hours of work in a workday and/or more than 40 hours in a workweek during the time period relevant to this action.

27.     However, Defendant has again failed to properly compensate Hall at the applicable overtime rate for this work.

28.     Moreover, under the terms of Wage Order 4, § 12 and Labor Code § 226.7, employees are entitled to two uninterrupted paid 10-minute rest periods during each eight-hour shift, and employers are required to provide an employee with one additional hour of pay at the employee's regular rate to compensate for each day when the employer failed to provide all earned rest periods.

29.     Here, Defendant consistently failed to provide Hall with all paid rest breaks to which she was legally entitled throughout the relevant time period or for compensation for said breaks.

30.     Additionally, Labor Code § 226(a) mandates that an employer shall, at the time of each payment of wages, provide each employee with a written itemized statement, including, but not limited to, (1) gross wages earned, (2) hours worked, (3) the number of piece-rate units earned, and (4) each applicable piece rate. Wage Order 4, § 7(A)(6) imposes similar requirements as well.

31.     During the time period relevant to this action, Defendant provided Hall with monthly statements that reflected the number and type of service tasks performed for which Defendant paid piece rates for that service month (generally running from the 16th day of one month to the 15th day of the subsequent month). However, these statements were insufficient to qualify as accurate itemized statements, as they failed to show the actual hours worked, thus failing to satisfy the requirements established under Labor Code §§ 226(a) and 1174(d) and Wage Order 4, § 7(A)(6).

32.     Moreover, Defendant disciplined and thereafter fired Hall in direct retribution for her declination to enter into a new proposed agreement labeled by Defendant as "Cultural Care Services Agreement with Local Childcare Consultant" ("2020 LCC Mandatory Agreement") propounded by Defendant in early 2020. Relevantly, the 2020 LCC Mandatory Agreement

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

9

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

contained a detailed forced arbitration clause as well as a waiver of the right to pursue collective action. Hall felt uncomfortable forfeiting her legal right to avail herself of the justice system should the need arise in the future and expressed this sentiment to Defendant. Nevertheless, Defendant continued to pressure Hall to sign the 2020 LCC Mandatory Agreement throughout January 2020 and into early February 2020.

33.     The 2020 LCC Mandatory Agreement also contained a pro forma claim that Defendant did not supervise the LCCs, among other blatant efforts in the agreement to coerce LCCs into creating the appearance that they were conceding that they were independent contractors rather than employees of Defendant, stating in section one of the agreement ("COMPLIANCE WITH GOVERNMENT REGULATIONS; NO SUPERVISION") the following:

> You agree to read, understand, comply and act in accordance with the U.S. State Department Regulations, found at 22 CFR 62, governing the Program. You agree to supervise your own performance of services under this Agreement as well as the services of any person to whom you may assign, delegate or subcontract any of your services, and to do so in compliance with the Regulations and industry standards. Except to the extent Cultural Care is required to provide certain information to you in accordance with the Regulations, you are not required to attend any meetings. You agree to participate in any trainings required by the State Department. Cultural Care does not and shall not supervise, observe, direct, or control in any manner how you choose to provide your services. Cultural Care also agrees to comply and act in accordance with the Regulations.

34.     Additionally, and most relevant to Hall's objections, the 2020 LCC Mandatory Agreement contained a multi-page, five-section forced arbitration clause that not only foreclosed LCCs who entered into the agreement from enforcing their legal rights in open court, but also barred them from pursuing anything other than individual arbitrations—i.e., the agreement prohibited even collective arbitrations.

35.     Hall objected to the proposed terms of Defendant's 2020 LCC Mandatory Agreement on grounds that the foregoing terms, among others in the proposed new agreement, were onerous and unacceptable, and had prior to January 1, 2020, apparently not been seen by Defendant as necessary to ensuring that the LCCs performed their job duties adequately.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

10

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

36.     Defendant first retaliated against Hall on or around January 10, 2020, when it without warning blocked her access to Defendant's proprietary database dedicated to managing host family/au pair relationships in response to Hall's refusal to enter into Defendant's 2020 LCC Mandatory Agreement. Without access to these online resources, LCCs such as Hall cannot efficiently perform many of their core job duties. Hall stated as much on January 29, 2020, when she memorialized in an email to Defendant that since Defendant locked her out of its system on January 10, 2020 Hall had been unable "to see new [host] families that go into [her] accounts, look up specific detailed important information on [host] families and AP, view current and past compliance and view notes about monthly check[-]in, see notes in [her] account on rematch or in support meetings[,] or have new arrivals provide[d] to [her] unless she asked for it."

37.     Hall thereafter continued to resist Defendant's repeated demands for her to sign the 2020 LCC Mandatory Agreement, including refusing to sign the agreement by Defendant's original stated deadline of January 16, 2020 and affirming to Defendant that it was "not [her] intention to resign from [her] position, as [she was] happy to work under [her] current agreement" with Defendant.

38.     Defendant thereafter fired Hall outright as she continued to resist the company's demands to sign the employment agreement: In an email to Defendant managers Christian Geelan ("Geelan") and Julie Norvilas ("Norvilas") on January 28, 2020, Hall stated that is was "not [her] intention to resign" and noted that she had asked Defendant several times "to have amendments made to the new agreement in order to move forward or work under the old agreement" utilized by Defendant. That same day, Geelan in an emailed response informed Hall that Defendant would not "create individualized [employment] agreements for LCCs" and told Hall that if she did not agree to enter into the new employment agreement, she was "free to terminate [her] relationship with [Defendant]." Geelan further stated that in spite of Hall's unambiguous statement of a desire to remain employed in her LCC role with Defendant and her lack of any plans to resign from same, Defendant would consider Hall's employment relationship with Defendant "terminated by mutual agreement effective February 3, 2020" if Hall did not enter into said agreement by then.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

39.     Hall thereafter responded to Defendant management representatives Geelan and Norvilas by affirming that she would not agree to enter into Defendant's 2020 LCC Mandatory Agreement and stating that she assumed this meant Defendant would be terminating her employment imminently. Defendant proceeded to do just that, with Norvilas informing Hall on February 3, 2020 that she would "not continue as an LCC beyond tomorrow" due to the fact that Hall was "not comfortable signing our new agreement."

40.     Labor Code § 432.6(a) establishes that an entity "shall not, as a condition of employment, continued employment, or the receipt of any employment-related benefit, require any applicant for employment or any employee to waive any right, forum, or procedure for a violation of any provision of the California Fair Employment and Housing Act (Part 2.8 (commencing with Section 12900) of Division 3 of Title 2 of the Government Code) or this code, including the right to file and pursue a civil action or a complaint with, or otherwise notify, any state agency, other public prosecutor, law enforcement agency, or any court or other governmental entity of any alleged violation."

41.     Additionally, Labor Code § 432.6(b) mandates that "[a]n employer shall not threaten, retaliate or discriminate against, or terminate any applicant for employment or any employee because of the refusal to consent to the waiver of any right, forum, or procedure for a violation of the California Fair Employment and Housing Act or this code, including the right to file and pursue a civil action or a complaint with, or otherwise notify, any state agency, other public prosecutor, law enforcement agency, or any court or other governmental entity of any alleged violation."

42.     Moreover, Labor Code § 432.6(d) provides that "[i]n addition to injunctive relief and any other remedies available, a court may award a prevailing plaintiff enforcing their rights under this section reasonable attorney's fees."

43.     Government Code § 12953 further affirms that "[i]t is an unlawful employment practice for an employer to violate Section 432.6 of the Labor Code."

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

12

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

44.     Per Labor Code § 432.6(h), the foregoing protections under Labor Code § 432 apply "to contracts for employment entered into, modified, or extended on or after January 1, 2020."

45.     In making Hall's relinquishment of her right to file and pursue a civil action a necessary condition of her continued employment with Defendant in January and February 2020, Defendant violated Labor Code § 432.6(a).

46.     In threatening, retaliating against, and ultimately terminating the employment of Hall in response to her refusal to waive her rights by entering into Defendant's 2020 LCC Mandatory Agreement in January and February 2020, Defendant violated Labor Code § 432.6(b).

47.     Additionally, in violating Labor Code § 432.6, Defendant is liable for the tortious act of Wrongful Termination in Violation of Public Policy, as the Legislature's very recent adoption of Labor Code § 432.6 and the related Government Code § 12953 reflect the interest of the public, and violations thereof amount to violations of public policy.

48.     Finally, California Business and Professions Code §§ 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practice.

49.     In committing the aforementioned violations of state law through its treatment of Hall, Defendant committed unlawful and unfair business practices as defined by Business & Professions Code § 17200.

## II.     PARTIES

51.     Defendant Cultural Care, Inc. is a *Massachusetts corporation doing business in California* and is a "person" as defined in Labor Code § 18, and California Business and Professions Code § 17201. In addition, Defendant is an "employer" as that term is used in the Labor Code and in the California Industrial Welfare Commission's wage orders regulating wages, hours, and working conditions. Cultural Care, Inc. promotes itself as the largest au pair agency in the United States.

52.     Melissa Hall is employed by Defendant as a Local Childcare Coordinator. Hall worked for Defendant in this role from approximately August 2017 until approximately February 2020. Hall currently resides in Marin County, and at all times material to this matter, she has

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

13

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

1    performed nearly all of her work for Defendant in Marin County.

2    ### III.    JURISDICTION AND VENUE

3    53.    This Court has subject matter jurisdiction over this action, as the claims involve

4    alleged violations of California law.

5    54.    Venue is appropriate in the County of Marin, and this Court has personal

6    jurisdiction over Defendant by reason of the facts that (a) Defendant has transacted and conducted

7    substantial business in the State of California and in the County of Marin; (b) the acts alleged

8    herein occurred in the State of California, including in the County of Marin; (c) Hall's injury

9    occurred in the State of California and the County of Marin; and (d) the events giving rise to the

10   claims at issue in this lawsuit arose within the County of Marin in California.

11   ### IV.    FIRST CAUSE OF ACTION

12   **(FAILURE TO PAY FOR EACH HOUR WORKED)**
     **(Labor Code §§ 218, 510, 1182.12, 1194, 1194.2, 1197, 1197.1**
13   **Wage Order 4, §§ 3, 4, 9B, 20)**

14   55.    Hall re-alleges and incorporates paragraphs 1 through 54, inclusive, as though

15   fully set forth herein.

16   56.    California law requires an employer to compensate each employee at no less than

17   the appropriate minimum wage for each and every individual hour worked.

18   57.    California law does not allow an employer to meet its minimum wage obligations

19   by averaging weekly pay over the total hours worked in a given week. *Armenta v. Osmose*, 135

20   Cal.App.4th 314, 324 (concluding that "the [federal] model of averaging all hours worked 'in any

21   work week' to compute an employer's minimum wage obligation under California law is

22   inappropriate" and clarifying that "[t]he minimum wage standard affixes to each hour worked by

23   Defendant for which [Hall] was not paid").

24   58.    The California courts have found that piece-rate systems that fail to compensate

25   employees for each individual hour worked violate California law. *Gonzalez v. Downtown LA*

26   *Motors, LP* (2013) 215 Cal.App.4th 36.

27   59.    During the statutory period, Defendant has maintained a policy and practice of

28   requiring Hall to provide and maintain her own tools. For example, Defendant required Hall to

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

14

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

regularly enter information into multiple electronic portals using her own computer and to use her own car to conduct regular visits to host family residents, to transport Defendant's au pairs, and to coordinate and execute monthly events for Defendant in fulfillment of Hall's job duties. In addition to being required by Defendant, Hall's use of such tools were necessary for the performance of her job. Defendant was thus obligated under Wage Order 4, § 9(B) to compensate Hall at the rate of twice the applicable minimum wage for each hour worked. As Cultural Care is and has been for the entire relevant time period an employer with at least 26 employees, the rate of twice the applicable minimum wage pursuant to Labor Code § 1182.12(a) was $21.00 per hour when Hall began working as an LCC for Defendant until December 31, 2017; $22.00 per hour from January 1, 2018 until December 31, 2018; $24.00 from January 1, 2019 until December 31, 2019; and $26.00 from January 1, 2020 to when Defendant terminated Hall's employment on or around February 4, 2020.

60.     Under Defendant's payment system, Defendant failed to pay Hall at least minimum wage for all hours worked because Defendant paid Hall only for certain tasks to which Defendant had assigned flat-rate values and did not pay Hall for tasks that did not have flat-rate value.

61.     On some occasions, the failure to pay for hours worked occurred because of time and tasks that had no piece-rate value, including, but not limited to, traveling to and from meetings, interviews, events, and other required on-location assignments; entering data into Defendant's software programs; transporting au pairs; performing domestic tasks for au pairs assigned to reside with Hall while awaiting transfer to new host family assignments or to depart the United States; and various administrative and clerical tasks.

62.     On some occasions, the failure to pay for hours worked occurred due to unpaid time traveling to and from trainings out of town.

63.     Labor Code § 1194 provides for a private right of action to recover wages for hours worked but not compensated.

64.     Defendant failed to pay Hall wages for all hours worked in violation of Labor Code § 1197 and Wage Order 4, §§ 3, 4 and 9(B). Some hours were not compensated at the

15

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

correct rate, and other hours were not compensated at all.

65.     Hall worked more than eight (8) hours in a day and/or forty (40) hours in a week without receiving any compensation for that time and without overtime compensation at the rate of one and one-half (1½) times her weekly regular rate in violation of Labor Code §§ 510, 1194 and IWC 4, § 3.

66.     Labor Code § 218 provides for a private right of action to recover wages under the Labor Code. Hall seeks to recover unpaid wages and penalties directly under § 218.

67.     Hall seeks to recover compensation for time worked but not paid, and attorneys' fees and costs under Labor Code § 1194.

68.     Hall seeks to recover penalties as imposed by Labor Code § 1197.1 for Defendant's intentional failure to pay the minimum wage.

69.     Hall seeks to recover attorneys' fees and costs incurred in recovering unpaid but earned wages pursuant to Labor Code § 218.5.

70.     Hall seeks liquidated damages under Labor Code § 1194.2.

71.     Labor Code § 218.6 provides for interest on all due and unpaid wages in any action brought for the nonpayment of wages. Hall seeks to recover interest on all wages due under Labor Code §§ 218.6 and 1194.

72.     Hall seeks to recover penalties under Wage Order 4, § 20 for violations of Wage Order, § 4 in the amounts of $50.00 for the first violation and $100.00 for each subsequent pay period in which the employee is underpaid.

73.     Wherefore, Hall prays for judgment as set forth below.

## V.     <u>SECOND CAUSE OF ACTION</u>

### (FAILURE TO PROVIDE PAID REST BREAKS)
### (Wage Order 4, § 12, Labor Code §§ 226.7, 1197)

74.     Hall re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 73 above, inclusive, as though fully set forth at length herein.

75.     Wage Order 4, § 12 requires employer to authorize and permit paid rest breaks at a rate of ten minutes for every four hours worked or greater fraction thereof. For an eight-hour

16

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

shift, for example, an employer must provide at least two 10-minute breaks.

76.     While Hall generally did not work for Defendant according to a fixed-shift schedule, she worked many days of four or more hours during the relevant time period.

77.     Labor Code § 226.7 and Wage Order 4, § 12 require the payment of compensation for the failure to provide paid rest breaks in accordance with the applicable Wage Order in the amount of one additional hour of pay for each work day that the employer fails to provide the mandated rest break(s).

78.     At all relevant times during the statutory period, Defendant frequently failed to provide Hall with paid rest breaks as required.

79.     Defendant's failure to provide paid rest breaks in accordance with Wage Order 4, § 12 entitles Hall to the remedy provided in Labor Code § 226.7 and Wage Order 4, § 12 for each work day that Defendant failed to provide with all the paid rest periods required by the Wage Order.

80.     In addition, for each day rest breaks were taken but compensation was not provided, Hall is entitled to 10 minutes of compensation at her regular rate for each rest break taken but not paid. Labor Code § 226.2(a)(3) provides that employees shall be compensated for rest and recovery periods at a regular hourly rate that is not less than the higher of (a) an average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods, or (b) the applicable minimum wage.

81.     Hall seeks to recover attorneys' fees and costs incurred in recovering unpaid but earned wages pursuant to Labor Code § 218.5.

82.     Labor Code § 218 provides Hall with a private right of action to recover wages under the Labor Code. Payment for rest breaks taken but not paid at any rate are wages. The payments owed to Hall for paid rest breaks not provided are premium wages under Labor Code § 226.7.

83.     Labor Code § 218.6 provides for an award of interest on all due and unpaid wages.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

17
SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

1  Hall seeks to recover interest on all wages due under the statute.

2      84.    Hall is entitled to and hereby seeks premium pay for paid rest breaks not provided,

3  wages for rest breaks taken, interest on the unpaid amounts, and an award of attorneys' fees and

4  costs all in amounts to be proven at trial or by motion.

5      85.    Wage Order 4, § 20(A) provides for civil penalties for violations of the Wage

6  Order. As a result of Defendant's violation of Wage Order 4, §§ 4 and 12, Hall is entitled to and

7  hereby seeks civil penalties in the amount of $50.00 for the first violation and $100.00 for each

8  subsequent pay period.

9  

**VI.**    **THIRD CAUSE OF ACTION**

10  **(FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS)**
**(Labor Code §§ 226, 1174, 2810.5, Wage Order 4, § 7)**

11      86.    Hall re-alleges and incorporates by reference each and every allegation set forth in

12  paragraphs 1 through 85 above, as though fully set forth at length herein.

13      87.    Labor Code § 226(a) mandates that every employer shall provide each employee

14  on a semi-monthly schedule or at the time of each payment of wages with an accurate written

15  itemized statement. Such wage statement must include substantial detailed information, including,

16  but not limited to, total hours worked, each wage rate applied, the number of piece-rate units

17  earned, all applicable piece rates if the employee is paid on a piece-rate basis, and the name and

18  address of the legal entity that is the employer.

19      88.    Labor Code § 1174(d) requires the employer to keep payroll records showing

20  hours worked, wages paid, the number of piece-rate units earned, and the applicable piece rate

21  paid to employees.

22      89.    Similar requirements as those found in Labor Code §§226(a)(3) and 1174(d) are

23  imposed under Wage Order 4, § 7. The Wage Order also requires an accurate record of each work

24  period and meal period taken.

25      90.    Defendant's monthly wage statements to Hall failed, and continue to fail, to show

26  the total hours worked, each wage rate applied, all numbers of piece-rate units earned, all

27  applicable piece rates, and the name and address of the legal entity that is the employer.

28

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

91.     As a result of Defendant's knowing and intentional failure to comply with the provisions of Labor Code §§ 226(a)(3) and 1174(d), Hall has been deprived of wage-and-hour information and wages to which she is entitled by law, thus establishing injury under Labor Code § 226(e)(2).

92.     Hall is entitled to and seeks the remedy provided in Labor Code § 226(e): the greater of all actual damages $50.00 for the initial pay period in which the violation occurs and $100.00 for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00, and an award of costs and reasonable attorneys' fees.

93.     Additionally, Wage Order 4, § 20(A) provides for civil penalties for violations of the Wage Order. As a result of all Defendant's serial violations of Wage Order 4, § 7, Hall is entitled to and hereby seeks civil penalties in the amount of $50.00 for the first violation and $100.00 for each subsequent pay period.

94.     Finally, Hall seeks injunctive relief against Defendant to ensure future compliance with the law as well as the ordered payment of attorneys' fees under Labor Code §§ 226(g).

95.     Wherefore, Hall prays for judgment as set forth below.

## VII.     FOURTH CAUSE OF ACTION

### (FAILURE TO REIMBURSE FOR EXPENSES INCURRED BY EMPLOYEE IN DIRECT CONSEQUENCE OF THE DISCHARGE OF DUTIES)
### (Labor Code § 2802)

96.     Hall re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 95 above, as though fully set forth at length herein.

97.     Labor Code § 2802(a) establishes that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

98.     California Labor Code § 2802(b) expressly authorizes the award of interest to be added to an award for "reimbursement of necessary expenditures." Such interest shall "accrue from the date on which the employee incurred the necessary expenditure or loss" in question.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

99.     Additionally, Labor Code § 2802(c) includes within the definition of "necessary expenditures and losses "all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

100.     Hall necessarily incurred substantial expenditures in direct consequence of executing her assigned job duties as an LCC for Defendant or in obedience to the directions of Defendant during the entire relevant time period. These included, but were not limited to, the purchase of gasoline, oil, and other goods and services to maintain Hall's vehicle used for her frequent travels for work within Marin County; the purchase and use of Hall's computer and smartphone Hall necessarily used regularly while executing her job duties for Defendant; and the purchase of food, drinks, and entertainment provided to au pairs and host families during the frequent social and safety events Hall was required to produce.

101.     While Defendant did provide partial reimbursement to Hall for a minority of the mandatory events, such reimbursement typically did not suffice to cover all necessarily incurred expenses for those events. Additionally, Defendant provided no reimbursement at all for expenses necessarily incurred by Hall at most of these events, just as Defendant provided no reimbursement for the vast majority of Hall's other expenses incurred in direct consequence of her discharge of her duties as an LCC.

102.     Wherefore, Hall prays for judgment as set forth below.

## VIII.   FIFTH CAUSE OF ACTION

### (VIOLATION OF LABOR CODE § 432.6)

103.     Hall re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 102 above, as though fully set forth at length herein.

104.     Labor Code § 432.6(a) establishes that an entity "shall not, as a condition of employment, continued employment, or the receipt of any employment-related benefit, require any applicant for employment or any employee to waive any right, forum, or procedure for a violation of any provision of the California Fair Employment and Housing Act (Part 2.8 (commencing with Section 12900) of Division 3 of Title 2 of the Government Code) or this code, including the right to file and pursue a civil action or a complaint with, or otherwise notify, any

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

state agency, other public prosecutor, law enforcement agency, or any court or other governmental entity of any alleged violation."

105.     Additionally, Labor Code § 432.6(b) mandates that "[a]n employer shall not threaten, retaliate or discriminate against, or terminate any applicant for employment or any employee because of the refusal to consent to the waiver of any right, forum, or procedure for a violation of the California Fair Employment and Housing Act or this code, including the right to file and pursue a civil action or a complaint with, or otherwise notify, any state agency, other public prosecutor, law enforcement agency, or any court or other governmental entity of any alleged violation."

106.     Labor Code § 432.6(d) provides that "[i]n addition to injunctive relief and any other remedies available, a court may award a prevailing plaintiff enforcing their rights under this section reasonable attorney's fees."

107.     Labor Code § 432.6(h) clarifies that the foregoing protections under Labor Code § 432 apply "to contracts for employment entered into, modified, or extended on or after January 1, 2020."

108.     Finally, Government Code § 12953 further affirms that "[i]t is an unlawful employment practice for an employer to violate Section 432.6 of the Labor Code."

109.     Here, in making Hall's relinquishment of her right to file and pursue a civil action a necessary condition of her continued employment with Defendant in January and February 2020, Defendant violated Labor Code § 432.6(a).

110.     Furthermore, in threatening, retaliating against, and ultimately terminating the employment of Hall in response to her refusal to waive her rights by entering into Defendant's 2020 LCC Mandatory Agreement in January and February 2020, Defendant violated Labor Code § 432.6(b).

111.     Hall is entitled pursuant to Labor Code § 432.6 to injunctive relief in the form of an order to cease and desist from demanding that LCCs enter into the 2020 LCC Mandatory Agreement or any other agreement through which the aforementioned rights would be waived as a condition of continued employment .

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

112.    Hall has been harmed and seeks to recover all available damages for Defendant's violation of Labor Code § 432.6.

113.    Additionally, Hall is entitled to attorney's fees pursuant to § 432.6(d).

114.    Wherefore, Hall prays for judgment as set forth below.

## IX.    SIXTH CAUSE OF ACTION

### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Predicated on Violations of Labor Code § 432.6, Gov't Code § 12953)

115.    Hall re-alleges and incorporates paragraphs 1 through 114, inclusive, as though set forth fully herein.

116.    In violating Labor Code § 432.6 and the related Government Code § 12953, Defendant is liable for the tortious act of Wrongful Termination in Violation of Public Policy, as the Legislature's very recent adoptions of Labor Code § 432.6 and the related Government Code § 12953 reflect the interest of the public, and violations thereof amount to violations of public policy.

117.    Hall has sustained economic and emotional harm and seeks recovery of all compensatory and punitive damages available.

118.    Wherefore, Hall prays for judgment as set forth below.

## X.    SEVENTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW)
### (Business & Professions Code §§ 17200, *et seq.*)

119.    Hall re-alleges and incorporates paragraphs 1 through 118, inclusive, as though set forth fully herein.

120.    Business and Professions Code §§ 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practice.

121.    During the statutory period, Defendant committed unlawful acts as defined by Business & Professions Code § 17200. Defendant has engaged in unlawful and unfair business practices including, but not limited to, violations of:

a.      Labor Code §§ 510, 1194, 1997 and Wage Order 4, §§ 3, 4, 9;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

22

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

b.      Wage Order 4, § 12;

c.      Labor Code § 226.7;

d.      Labor Code § 226(a);

e.      Labor Code § 2802;

f.      Labor Code § 204; and

g.      Labor Code § 432.6.

122.    Defendant's violations of these laws serve as unlawful predicate acts for purposes of Business & Professions Code § 17200, and remedies are provided therein under Business & Professions Code § 17203. Hall has suffered direct economic injury in that she has not been paid all wages and compensation due.

123.    The acts and practices described in this Complaint constitute unlawful, unfair and fraudulent business practices, and unfair competition by Defendant within the meaning of Business and Professions Code §§ 17200 *et seq.*

124.    Business & Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and to which that person has an ownership interest. Hall is entitled to restitution pursuant to Business & Professions Codes §§ 17203 and 17208 for all wages and expense reimbursements Defendant has unlawfully withheld from her. Hall will, upon leave of the Court, amend this Complaint to state such amounts when they become ascertained.

125.    Hall's success in this action will enforce important rights affecting the public interest. Hall seeks and is entitled to unpaid wages at the appropriate regular and overtime rate, unpaid compensation for missed rest periods, unpaid reimbursement for qualifying expenses, statutory penalties for failures to provide appropriate rest breaks and wage statements, injunctive relief, declaratory relief, and any other remedy owing to Hall.

126.    Injunctive and declaratory relief is necessary and appropriate to prevent Defendant from repeating the wrongful and illegal business practices alleged above.

127.    To prevent Defendant from profiting and benefiting from their wrongful and illegal acts, it is appropriate and necessary to enter an order requiring Defendant to restore Hall

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

23

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

1    monies that are owed.

2        128.    An actual controversy has arisen and now exists relating to the rights and duties of

3    the parties as to whether Defendant must pay wages for each hour worked and at what rate, pay

4    wages and statutory penalties for unpaid rest periods, provide reimbursement for qualifying

5    expenses, and pay statutory penalties for failing to provide legally sufficient wage statements to

6    Hall.

7        129.    Hall herein takes upon herself enforcement of these laws and lawful claims.

8    Pursuing this action carries a significant financial burden, and it would be against the interests of

9    justice to penalize Hall by forcing her to pay attorneys' fees from the recovery in this action.  The

10   enforcement of the state wage-and-hours laws will confer a public benefit, as the failures to

11   provide appropriate wages for all hours worked, paid rest breaks, reimbursement for employees'

12   qualifying expenses, and itemized wage statements are all actions that violate the state's public

13   policy of maintaining and robustly enforcing wage and rest protections for employees. Therefore,

14   attorneys' fees are appropriate pursuant to California Code of Civil Procedure § 1021.5 and Labor

15   Code §§ 218.5, 226 and 1194, as well as any other applicable statute.

16       130.    Wherefore, Hall prays for judgment as set forth below.

17                    **XI.    *EIGHTH CAUSE OF ACTION***

18                  *(WAITING TIME WAGES UNDER LABOR CODE §203)*

19       *131.    Hall re-alleges and incorporates paragraphs 1 through 130, inclusive, as though*

20   *set forth fully herein.*

21       *132.    At the time of terminating Hall's employment, Defendant willfully failed to pay*

22   *Hall all wages earned and due as required under Labor Code §201(a), and has continued to*

23   *willfully fail to pay all wages due to the present.*

24       *133.    Under Labor Code §203, as a penalty for willful failure to timely pay all wages*

25   *earned and due at the time of termination, Defendant owes Hall continuing wages for 30 days.*

26                    **XII.    PRAYER FOR RELIEF**

27       Hall prays for judgment as follows:

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

24

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO

1.      For injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with it from committing these violations herein *alleged;*

2.      For an award of damages in an amount according to proof with interest thereon;

3.      For an award of restitution and wages according to proof under Labor Code §§ 226.7, 510, 1182.12, 1194, 1197 and Business & Professions Code §§ 17200 and 17203 and any other applicable provision;

4.      For penalties under Labor Code §§ 226, 1197.1, Wage Order 4, § 20, and any other applicable provisions;

5.      For interest under Labor Code §§ 218.6, 1194, and any other applicable provisions;

6.      For liquidated damages under Labor Code § 1194.2;

7.      For an award of reasonable attorneys' fees, costs and interest thereon pursuant to Labor Code §§ 218.5, 226, 432.6(d), 1194, CCP § 1021.5, and any other applicable provision; and

8.      For such other and further relief as the Court deems just and proper.

Dated:  May 13, 2021                    WEINBERG, ROGER & ROSENFELD
                                        A Professional Corporation


                              By:       ANNE I. YEN
                                        BENJAMIN J. FUCHS
                                        Attorneys for Melissa Hall

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

25

SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00926-WHO